# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

KENNETH JOHN PACHINGER,
Reg. #30219-074                                                                                                    PLAINTIFF

V.                                        2:10CV00161 JTR

GRAHAM, Health Services Administrator,
Forrest City Correctional Institution, et al.                                            DEFENDANTS

## ORDER

Plaintiff, Kenneth John Pachinger, has filed a Motion for a Preliminary Injunction. *See* docket entry #36. Defendants have filed a Response. *See* docket entry #49. For the following reasons, the Motion will be denied.[1]

## I. Discussion

Plaintiff is a prisoner in the Federal Correctional Institution located in Forrest City, Arkansas ("FCI-FC"). He has commenced this *pro se* action alleging that Defendants have provided him with constitutionally inadequate and negligent medical care for perianal warts caused by the human papilloma virus.[2] *See* docket entry #2.

---

[1] On June 16, 2011, the parties consented to the jurisdiction of a United States Magistrate Judge. *See* docket entry #51.

[2] Plaintiff brings his constitutional claim pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics.* In contrast, his negligence claim is brought under the Federal Tort Claims Act, 28 U.S.C. § 1346.

In his Motion for a Preliminary Injunction Plaintiff explains that, on April 28, 2010, he had several perianal warts surgically removed. *See* docket entry #36. As a result of the surgery, he has experienced chronic itching caused by a reduction in elasticity and anal dryness. *Id.* Defendants have prescribed several different topical ointments, but none have sufficiently alleviated his itching. *Id.* Thus, he seeks a preliminary injunction requiring Defendants to have him examined by "competent physicians trained in the field and capable of diagnosing" his "chronic anal itching problem." *Id.* at 3.

When deciding whether to grant a prisoner preliminary injunctive relief, a court must consider: (1) the threat of irreparable harm to the movant; (2) the balance between the harm to the movant and the harm to the nonmoving party should the injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. *Randolph v. Rodgers* 170 F.3d 850, 857 (8th Cir. 1999) (citing *Dataphase Sys. v. C.L. Sys.*, 640 F.2d 109, 113 (8th Cir. 1981)).

Importantly, the burden of "proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995); *see also United Indus. Corp. v. Clorox Co.,* 140 F.3d 1175, 1179 (8th Cir. 1998) (stating that the "burden on the movant is heavy, in particular where . . . granting the preliminary injunction will give the movant substantially the relief it

would obtain after a trial on the merits"). Finally, in *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982), the Eighth Circuit emphasized that:

> judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration. . . . It is therefore all the more important that federal courts abstain from imposing strict standards of conduct, in the form of injunctions, on prison officials in the absence of a concrete showing of a valid claim and constitutionally mandated directives for relief.

*See also Goff*, 60 F.3d at 520 (providing that "in the prison context, a request for injunctive relief must always be viewed with great caution").

Although he has been given the opportunity to do so, Plaintiff has failed to come forward with any facts or evidence demonstrating that he will prevail on the merits of his case or that he will suffer irreparable harm if his request for preliminary injunctive relief is denied.

In contrast, Defendant Mary Ellen Rivers-Graham, who is the Health Services Administrator at the FCI-FC, has filed a sworn Declaration explaining that the prison health care providers are treating Plaintiff's chronic anal itching with a numbing cream, and they have explained proper hygiene and moisturizing techniques to him. *See* docket entry #49, Ex. 1. Additionally, Defendant Rivers-Graham explains that Plaintiff has *not* sought treatment for perianal warts or itching since January 12, 2011. *Id.*

In light of this *undisputed* evidence, the Court concludes that Plaintiff has failed

to satisfy his heavy burden of demonstrating that he is entitled to preliminary injunctive relief.

## II. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for a Preliminary Injunction (docket entry #36) is DENIED.

2. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

Dated this 21st day of June, 2011.

                                                                                                                    UNITED STATES MAGISTRATE JUDGE