**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

KENNETH JOHN PACHINGER,
Reg. #30219-074                                                                                    PLAINTIFF

V.                                            2:10CV00161 JTR

TOLLIVER, Physicians Assistant,
FCI-Forrest City, et al.                                                                       DEFENDANTS

**ORDER**[1]

### I. Introduction

Plaintiff, Kenneth John Pachinger, has filed a Motion asking the Court to reconsider the June 21, 2011 Order denying his Motion for a Preliminary Injunction. *See* docket entries #65 and #62. Defendants have filed a Response, and Plaintiff has filed a Reply. *See* docket entries #68 and #69. For the following reasons, the Motion for Reconsideration will be denied.

### II. Discussion

Plaintiff, who is a federal prisoner, has commenced this action alleging that Defendants have provided him with constitutionally inadequate and negligent medical care for perianal warts caused by the human papilloma virus. *See* docket entry #2.

---

[1] On June 16, 2011, the parties consented to proceed before a United States Magistrate Judge. *See* docket entry #51.

On April 28, 2010, Plaintiff had several perianal warts surgically removed. *See* docket entry #36. As a result of the surgery, he experienced chronic itching caused by a reduction in elasticity and anal dryness. *Id.* Defendants prescribed several different topical ointments to treat the condition, but Plaintiff claimed that none were effective. *Id.*

On April 22, 2011, Plaintiff filed a Motion seeking a preliminary injunction requiring an immediate examination by "competent physicians trained in the field and capable of diagnosing" his "chronic anal itching problem." *Id.* at 3.

On June 21, 2011, the Court denied Plaintiff's Motion because he "failed to come forward with any facts or evidence demonstrating that he will prevail on the merits of his case or that he will suffer irreparable harm if his request for preliminary injunctive relief is denied." *See* docket entry #55 at 3. When reaching that conclusion, the Court noted that: (1) Defendants were treating Plaintiff's chronic anal itching with ointments; (2) Defendants had explained proper hygiene and moisturizing techniques to Plaintiff; and (3) Plaintiff had not sought treatment for perianal warts and/or itching since January 12, 2011. *Id.* (citing the sworn Declaration of Defendant Rivers-Graham at docket entry #49, Ex. 1).

On June 29, 2011, Plaintiff filed a Motion for Reconsideration that included an April 12, 2011 prescription suggesting that he did, in fact, seek treatment for perianal

itching after January 12, 2011. *See* docket entry #62 at 5. Plaintiff also produced medical records suggesting that, *in December of 2003*, he had several precancerous growth removed from his rectum, and the surgeon recommended that he be physically examined every three months for the *next two years*.[2] Based on these medical records, Plaintiff argues that he is currently in danger of developing anal cancer and that Defendants are failing to give him quarterly physical exams to ensure that he has not developed that condition. *Id.*

Plaintiff's argument is flawed because the December 2003 recommendation for quarterly physical exams *expired in 2005*. Further, Plaintiff has not come forward with any evidence demonstrating that: (1) precancerous growths were discovered during his more recent, April 2010 surgery; or (2) the surgeon recommended, in April of 2010, that Plaintiff receive periodic rectal exams.[3]

More importantly, Defendants have produced *undisputed* medical records

---

[2] The surgical notes state that "multiple anal condyloma with mild to moderate atypia" were removed. *See* docket entry #62 at 5.

[3] In his Motion for Reconsideration, Plaintiff states that he does not have the records from his 2010 surgery, which he has recently requested. *See* docket entry #62. He also argues that Defendants have offered "no evidence that there is no threat of irreparable harm." *Id.* at 1. This argument improperly shifts the burden of proof onto Defendants' shoulders. To the contrary, it is well settled that *the movant,* which in this case is the Plaintiff, has the "heavy burden" of proving irreparable harm. *United Indus. Corp. v. Clorox Co.,* 140 F.3d 1175, 1179 (8th Cir. 1998)*; Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

demonstrating that, on July 7, 2011 (which was approximately a week after Plaintiff filed his Motion for Reconsideration), Dr. Nader Peiker physically examined Plaintiff's rectum and perianal area.[4] *See* docket entry #68, Ex. 2. During that exam, Dr. Peiker did *not* detect any warts, growths, or abnormalities. *Id.* However, he did find a keloid scar inside of Plaintiff's rectum that was caused by his prior surgeries. *Id.* Dr. Peikar explained to Plaintiff that surgical correction of the keloid scar could result in further reduction in muscle stretchability and increase his symptoms. *Id.* He then gave Plaintiff an ointment to use twice a day to alleviate anal itching and discomfort. *Id.*

Based on this *undisputed evidence*, the Court concludes that Plaintiff has, once again, failed to satisfy his heavy burden of demonstrating that he is entitled to preliminary injunctive relief.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Reconsideration

---

[4] In his July 7, 2011 notes, Dr. Peikar states that, on an unspecified date, Plaintiff declined a rectal examination. *See* docket entry #68, Ex. 2. In his sworn Declaration, Dr. Peikar states that the date of refusal was January 12, 2011. *Id.,* Ex. 1. Plaintiff vehemently denies ever refusing a rectal exam. *See* docket entry #69. Additionally, he correctly points out that the January 12, 2011 progress notes make no mention of Plaintiff refusing a rectal exam. See docket entry #49, Ex. 1.

The factual dispute of whether Plaintiff refused a rectal exam is immaterial to the resolution of current Motion because it is *undisputed* that, on July 7, 2011, Plaintiff received a rectal examination with no abnormal findings.

(docket entry #62) is DENIED.

Dated this 18th day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE